UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES R. WASHINGTON, HECTOR CUBERO, JR., DERRICK JONES, LORENZO JOHNSON, and DEYONTAE CORNAIL STINSON,

        Plaintiffs,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS, KEVIN A. CARR, JARED HOY, MELISSA ROBERTS, CHRISTOPHER STEVENS, and JOHN KIND,

        Defendants.

Case No. 24-CV-391-JPS

**ORDER**

---

    The original plaintiffs James R. Washington ("Washington"), Hector Cubero, Jr., ("Cubero"), Derrick Jones ("Jones"), Lorenzo Johnson ("Johnson"), Deyontae Cornail Stinson ("Stinson"), Willie McDougle ("McDougle"), and Mohamed Elmhdati ("Elmhdati"), who are incarcerated at Green Bay Correctional Institution ("GBCI") and representing themselves, filed a complaint under 42 U.S.C. § 1983 alleging that their civil rights were violated.

    On May 24, 2024, the Court entered orders for Plaintiffs to pay their initial partial filing fees ("IPFF") on or before June 24, 2024. ECF Nos. 28–33. On July 29, 2024, the Court dismissed Plaintiffs Washington, Jones, and McDougle for the failure to pay their IPFFs.[1] Following their dismissal,

---

[1] The Court also dismissed Plaintiff Elmhdati based on his request for voluntary dismissal. ECF No. 38 at 1–2. To date, Elmhdati has not filed anything, and it does not appear that he sought re-entry into the case. The remainder of this

these Plaintiffs sought reinstatement into the case and the Court allowed them an additional opportunity to pay their IPFFs. *See* ECF Nos. 46, 50. Plaintiffs Washington and Jones have all now paid their IPFFs. The Court therefore considers them as plaintiffs for the remainder of its analysis. Plaintiff McDougle's deadline to pay the IPFF was on November 21, 2024. ECF No. 50. On November 18, 2024, McDougle filed a letter regarding a disbursement request for the IPFF; however, to date, McDougle has not paid the IPFF or otherwise sought an extension. As such, McDougle is not reinstated in the case and the Court does not consider McDougle for the remainder of this Order. The Court will deny McDougle's motion to proceed without prepayment of the filing fee, ECF No. 21, as moot. Should McDougle wish to pursue his claims, he must file a new case.

1.  **PENDING MOTIONS – RULE 11 VIOLATIONS**

Currently pending before the Court are nine substantive motions: (1) Plaintiff Washington's motion to file initial filing and to use release account funds; (2) Plaintiff Washington's motion for reconsideration and request for Plaintiffs to proceed with complaint as joinders; (3) Plaintiff Jones's motion to file initial filing and to use release account funds; (4) Plaintiff Johnson's motion for reconsideration and request for Plaintiffs to continue to proceed with original complaint as joinders; (5) Plaintiff Jones's motion for reconsideration and request for all plaintiffs to continue to proceed with original complaint as joinders; (6) Plaintiff Stinson's motion to certify the class; (7) Plaintiff McDougle's motion for reconsideration and request for all Plaintiffs to continue to proceed with original complaint as

---

Order does not include Elmhdati in its analysis. The Court will deny Elmhdati's motion to proceed without prepayment of the filing fee, ECF No. 6, as moot.

joinders; (8) Plaintiff McDougle's motion to file initial filing and request to use release account after funds are deducted from regular account; and (9) Plaintiff Jones's motion for reconsideration and request for all plaintiffs to continue to proceed with original complaint as joinders. ECF Nos. 39, 40, 41, 42, 44, 45, 47, 48, 49.

The Court will strike these nine pending motions as improperly filed pursuant to Federal Rule of Civil Procedure 11(a). In discussing the general issues of multi-plaintiff suits, the Court specifically warned Plaintiffs in bold font that the Court would strike every future filing that is not signed by every plaintiff. ECF No. 7 at 3. None of the pending motions are signed by more than one plaintiff. The Court wishes to emphasize that it does not enforce this rule in order to be difficult or to impede Plaintiffs' ability to litigate their case. However, the duplicative nature of the nine pending motions makes it clear that this case simply cannot proceed efficiently with each plaintiff filing their own motion on each and every subject matter. As such, the Court will therefore strike these pending motions as improperly filed.

2. **MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiffs were prisoners when they filed the complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 24, 2024, the Court ordered Plaintiffs to pay their respective initial partial filing fee amounts. ECF Nos. 28–33. The remaining plaintiffs have all now paid their IPFFs. The Court will therefore grant Plaintiffs' motions for leave to proceed without prepaying the filing fee. ECF Nos. 2, 3, 4, 5, 24. They must each pay the remainder of the filing fee over time in the manner explained at the end of this Order.

3. **CLASS ACTION**

The Court previously informed Plaintiffs that this case could likely not go forward as a class action lawsuit without class counsel. ECF No. 38 at 2–3. After denying a motion to appoint counsel, the Court provided Plaintiffs with several months to locate class counsel. *See* ECF No. 46 at 4. To date, no counsel has appeared. The Court therefore considers the propriety of this case moving forward as a class action without counsel.

The Court does not find that Plaintiffs can adequately represent a class action case with multiple claims for all the inmates at GBCI. The Seventh Circuit has noted in the past that "it is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative." *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (emphasis in original); *see also Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("[The plaintiff] attempted to bring a class action *pro se*, which was dismissed, because *pro se* plaintiffs cannot represent others.") (emphasis in original). Recently, one district court found that it would be plain error to allow an unrepresented inmate to represent his fellow inmates in a class action. *See Garcia v. Cornett*, No. 3:23-CV-1056-HAB-SLC, 2023 WL 9051247, at *2 (N.D. Ind. Dec. 20, 2023) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) and *Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009)). The Court

cannot see how Plaintiffs—who were unable to comply with Rule 11's signature requirement—would be able to navigate the legal and administrative complexities of a class action lawsuit while incarcerated. As such, the Court will not allow this case to proceed as a class action and the remainder of this Order screens the complaint and considers whether Plaintiffs may jointly proceed going forward.

4. SCREENING THE COMPLAINT

    4.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 4.2 Plaintiffs' Allegations

Plaintiffs' allegations involve the conditions of GBCI during a prison lockdown in 2023. ECF No. 1 at 2. Plaintiffs allege that GBCI does not provide adequate medical and dental treatment for all inmates. *Id.* Plaintiffs also allege various unconstitutional conditions they experienced during the seven-month lockdown, including the restriction of movement, rodent infestation, unsanitary living conditions, the denial of recreation and exercise, and the denial of vocational and educational opportunities. *Id.* at 2–24. Plaintiffs seek damages and injunctive and declaratory relief for their claims. *Id.* at 1, 26.

### 4.3 Analysis

The Court finds that Plaintiffs cannot proceed jointly in this case. District courts must accept joint complaints filed by multiple prisoners, but only if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir.

2004).[2] Under Rule 20, "Persons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." A district court also has the discretion to sever a party at any time. *See* Fed. R. Civ. P. 21. The Seventh Circuit has stated,

> [T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.

*Chavez v. Ill. State Police*, 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted). Even if the requirements of Rule 20 are found to be met, courts can still require Plaintiffs to proceed separately with their claims if joinder would create unnecessary "prejudice, expense or delay[.]" *Id.* at 632.

Here, the Court finds that allowing five plaintiffs to jointly proceed will "foreseeably delay, complicate, and increase the costs of litigating the claims." *See Williams v. Mitchell*, No. 22-CV-2340-NJR, 2023 WL 5289441, at *2 (S.D. Ill. Aug. 17, 2023). Indeed, the case has only just begun and Plaintiffs, as identified above, have been unable to comply with the basic requirement that all Plaintiffs sign every filing concerning their claims. *See* Fed. R. Civ. P. 11. Further, Plaintiffs all must have exhausted their administrative remedies in order to proceed. The exhaustion requirement "must be individually adjudicated" even if Plaintiffs have similar claims.

---

[2]The Court previously advised the individual Plaintiffs of the possible consequences of proceeding jointly and gave them the opportunity to withdraw. *See* ECF No. 7.

*See Garcia*, 2023 WL 9051247, at *2. Analyzing the exhaustion requirement for each Plaintiff separately may lead to separate scheduling deadlines and unnecessary delay. Finally, although Plaintiffs' claims are certainly similar in nature, Plaintiffs experienced different treatment in relation to some of their claims. For example, Plaintiffs identify their unique healthcare needs; Plaintiff Washington has a severe skin disorder and mental health issues, Plaintiff Cubero has serious dental issues and stomach pain, and Plaintiff Jones has an advanced sinus condition. *See* ECF No. 1 at 6–11.

Given these factors together, the Court finds that severance of Plaintiffs' claims into five separate lawsuits is necessary in order for the claims to move forward in a just and efficient manner. The Court will reinstate Plaintiff Washington into this case as the first named plaintiff and only his claims will proceed in this case going forward. The Court will instruct the Clerk of Court to open four new cases for Plaintiffs Cubero, Jones, Johnson, and Stinson to separately adjudicate their claims. Because the current complaint deals with claims related to all Plaintiffs and the proposed class, the Court will require that all five Plaintiffs must individually file amended complaints on or before **January 28, 2025**. The amended complaint should address only the claims relevant to each individual Plaintiff and the conditions they personally experienced. Plaintiffs are warned that the failure to file an amended complaint or otherwise respond may result in the dismissal of that plaintiff's case for the failure to prosecute. Plaintiffs have already paid the IPFFs and therefore will not be required to pay any new IPFFs. The Clerk of Court will be instructed to file a copy of the complaint, ECF No. 1, and this Order in each new case.

Finally, the Court notes that this Order does not limit Plaintiffs from continuing to cooperate and assist one another or coordinate their litigation going forward. Additionally, it does not preclude future consolidation under Federal Rule of Civil Procedure 42(a) if it became appropriate at a later time in the proceedings. While the Court understands its ruling today may be frustrating to Plaintiffs, it finds that "[s]eparate lawsuits will 'secure the just, speedy, and inexpensive determination of [this] proceeding.'" *Garcia*, 2023 WL 9051247, at *2 (quoting Fed. R. Civ. P. 1).

Accordingly,

**IT IS ORDERED** that Plaintiffs Washington, Cubero, Jones, Johnson, and Stinson's motions to proceed without prepayment of the filing fees, ECF Nos. 2, 3, 4, 5, 24 be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Elmhdati's and Plaintiff McDougle's motions to proceed without prepayment of the filing fees, ECF Nos. 6, 21, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Washington's motion to file initial filing and to use release account funds, Plaintiff Washington's motion for reconsideration and request for Plaintiffs to proceed with complaint as joinders, Plaintiff Jones's motion to file initial filing and to use release account funds, Plaintiff Johnson's motion for reconsideration and request for Plaintiffs to continue to proceed with original complaint as joinders, Plaintiff Jones's motion for reconsideration and request for all plaintiffs to continue to proceed with original complaint as joinders, Plaintiff Stinson's motion to certify the class, Plaintiff McDougle's motion for reconsideration and request for all Plaintiffs to continue to proceed with original complaint as joinders, Plaintiff McDougle's motion to file initial filing and request to use release account after funds are deducted from

regular account, and Plaintiff Jones's motion for reconsideration and request for all plaintiffs to continue to proceed with original complaint as joinders, ECF Nos. 39, 40, 41, 42, 44, 45, 47, 48, 49, be and the same are hereby **STRICKEN** for their failure to comply with Rule 11;

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to reinstate Plaintiff Washington in this case;

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to open four separate cases for Plaintiffs Cubero (25-CV-22), Jones (25-CV-23), Johnson (25-CV-24), and Stinson (25-CV-25) and to terminate Plaintiffs Cubero, Johnson, and Stinson on the docket in this action; the Clerk of Court shall file a copy of the complaint, ECF No. 1, and this Order in the four new cases; Plaintiffs have already paid their IPFFs and will not have to pay any additional IPFFs for the four new cases;

**IT IS FURTHER ORDERED** that all five Plaintiffs must individually file amended complaints on or before **January 28, 2025**; The amended complaints should address only the claims relevant to each individual Plaintiff; Plaintiffs are warned that the failure to file an amended complaint or otherwise respond may result in the dismissal of that plaintiff's claims for the failure to prosecute;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff Washington shall collect from his institution trust account the $306.23 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is

Page 10 of 13
Case 2:25-cv-00024-JPS    Filed 01/07/25    Page 10 of 13    Document 2

transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff Cubero shall collect from his institution trust account the $345.39 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the new case name and number assigned to Plaintiff Cubero's case (***Cubero v. Wisconsin Department of Corrections et al.*, 25-CV-22)**. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff Jones shall collect from his institution trust account the $349.11 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the new case name and number assigned to Plaintiff Jones's case (***Jones v. Wisconsin Department of Corrections et al.*, 25-CV-23)**. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff Johnson shall collect from his institution trust account the $339.80 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the new case name and number assigned to Plaintiff Johnson's case **(*Johnson v. Wisconsin Department of Corrections et al.*, 25-CV-24)**. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff Stinson shall collect from his institution trust account the $348.33 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the new case name and number assigned to Plaintiff Stinson's case **(*Stinson v. Wisconsin Department of Corrections et al.*, 25-CV-25)**. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiffs are confined.

Dated at Milwaukee, Wisconsin, this 7th day of January, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge